JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

RYAN DOBBS, Individually, and on behalf of all others of similarly situated

**(b)** County of Residence of First Listed Plaintiff    Berks County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Jacob U. Ginsburg, Kimmel & Silverman, P.C.
30 East Butler Ave., Ambler, PA 19002 (215) 540-8888

## DEFENDANTS

Health IQ Insurance Services, Inc.

County of Residence of First Listed Defendant    Santa Clara County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Jonathan A. Cass, Cohen Seglias Pallas Greenhall & Furman, PC, 1600 Market St., 32nd Fl., Phila., PA 19103
215-564-1700

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☒ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. Sec. 227, et seq.

Brief description of cause:
Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ Unknown

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
December 1, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 224 Shaner Street, Boyertown, PA 19512 _____

Address of Defendant: _____ 2513 Charleston Rd. #102, Mountview, CA 94043 _____

Place of Accident, Incident or Transaction: _____ Berks County, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/01/2021 _____ _____ 76519

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   *(Please specify):* _____ TCPA _____

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Jonathan A. Cass _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 12/01/2021 _____ _____ 76159

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Ryan Dobbs, Individually and on behalf of all others of similarly situated | : : : : | CIVIL ACTION |
| v. | : | |
| Health IQ Insurance Services, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　( X )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　( )

| | | |
|---|---|---|
| December 1, 2021 | Jonathan A. Cass | Health IQ Insurance Services, Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** Defendant |
| 215-564-1700 | 215-564-3066 | jcass@cohenseglias.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)   The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)   In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)   The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)   Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)   Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RYAN DOBBS, individually, and on behalf of all others of similarly situated,<br><br>          Plaintiff,<br><br>   vs.<br><br>HEALTH IQ INSURANCE SERVICES, INC.,<br><br>         Defendant. | Civil Action No. |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT defendant Health IQ Insurance Services Inc. ("Health IQ"), by and through its counsel, Cohen Seglias Pallas Greenhall & Furman PC, respectfully requests that the above-captioned action (the "Action") be removed from the Pennsylvania Court of Common Pleas for the County of Berks (the "Court of Common Pleas") to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1441(a) on the grounds of federal question jurisdiction, 28 U.S.C. § 1331.  In support of this Notice of Removal, Health IQ alleges as follows:

## BACKGROUND

1.      This Action was commenced by Plaintiff Ryan Dobbs ("Plaintiff") on or about October 15, 2021, by the filing of the Class Action Complaint (the "Complaint") in *Dobbs v. Health IQ Insurance Services, Inc.*, Docket No. 21-14982, in the Court of Common Pleas.  True and correct copies of all process, pleadings or orders served upon Health IQ, are attached to this Notice of Removal as "Exhibit A," as required by 28 U.S.C. § 1446(a).

2.      On November 2, 2021, Health IQ accepted service of the Complaint by execution of an Acceptance of Service.

3.      Plaintiff alleges that Health IQ is liable to him and to each putative class member for statutory violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* (Compl. ¶¶ 57-64, Count I).

4.      Specifically, Plaintiff alleges that Health IQ violated 47 U.S.C. § 227(c)(1) by purportedly placing unauthorized phone calls to Plaintiff and to and members of the putative class after they registered their phone numbers on the National Do Not Call Registry.  (*Id.*)

5.      Based on the allegations of the Complaint and for the reasons discussed below, Health IQ timely removes this action pursuant to 28 U.S.C. § 1331 (federal question).

### THE NOTICE OF REMOVAL IS TIMELY AND THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

6.      On November 2, 2021, Health IQ accepted service of the Complaint.

7.      On or about November 11, 2021, Plaintiff agreed to extend Health IQ's time to respond to the Complaint from November 22, 20201, until December 6, 2021.

8.      Promptly after filing this Notice of Removal, Health IQ will give written notice of the removal to Plaintiff through his attorneys of record in the Action, as well as to the Prothonotary of the Court of Common Pleas, as required by 28 U.S.C. § 1446(d).

9.      This Action may properly be removed to the United States District Court for the Eastern District of Pennsylvania due to the presence of a federal question pursuant to 28 U.S.C. § 1331.

10.      Venue is proper in this District under 28 U.S.C. § 1446(a) because this District embraces the place where the removed action is pending.

11.      No admission of fact, law, liability, or damages is intended by this Notice of Removal, and all defenses, affirmative defenses, objections, and motions are hereby reserved.

Health IQ does not waive, and expressly reserves, all rights to challenge the propriety of certification under the applicable rules.

12.     In accordance with 28 U.S.C. § 1446(b), Health IQ is timely filing this Notice of Removal within the 30-day period after having been served with the Complaint. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *see also Edwards v. Equifax Info. Servs., LLC*, 313 F. Supp. 3d 618, 620 (E.D. Pa. 2018).   Health IQ accepted service on November 2, 2021; accordingly, this Notice of Removal is timely.

13.     Health IQ has not filed a responsive pleading in the Action commenced by Plaintiff in the Court of Common Pleas and no other proceedings have transpired in that Action.

## THIS COURT HAS ORIGINAL JURISDICTION OVER DOBB'S FEDERAL QUESTION PURSUANT TO 28 U.S.C. § 1331

14.     Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Indeed, a district court has "original jurisdiction" over such claims.  *Id.*

15.     This Court has original jurisdiction over the Complaint because Plaintiff's claim arises under the laws of the United States, namely the TCPA.  (Compl., Count I).

16.     On January 18, 2012, the United States Supreme Court issued its decision in *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012), and found, in a unanimous decision, that the TCPA's grant of jurisdiction to state courts does not deprive federal district courts of federal-question jurisdiction over private rights of action with respect to claims arising out of the TCPA. *Id.* at 368; *see also Brill v. Countrywide Home Loans Inc.*, 427 F.3d 446, 449-51 (7th Cir. 2005).

17.     Accordingly, removal of this action is proper on the sole basis that, pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over Plaintiff's claims, and is timely and properly removed by the filing of this Notice.

18.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

<p style="text-align:center"><strong><u>CONCLUSION</u></strong></p>

WHEREFORE, having provided notice as required by law, Health IQ respectfully requests that the above-captioned action be duly removed from the Pennsylvania Court of Common Pleas for the County of Berks to the United States District Court for the Eastern District of Pennsylvania.

Dated:  December 1, 2021

<div style="margin-left:40%">

**COHEN SEGLIAS PALLAS**
**GREENHALL & FURMAN PC**

By: */s/ Jonathan A. Cass*
    Jonathan A. Cass
    1600 Market Street, 32nd Floor
    Philadelphia, PA 19103
    Telephone: (215) 564-1700
    Facsimile: (215) 564-3066
    Email: jcass@cohenseglias.com

    Paul A. Rosenthal (*pro hac vice* forthcoming)
    KELLEY DRYE & WARREN LLP
    One Jefferson Road, 2nd Floor
    Parsippany, NJ 07054
    Telephone:  (973) 503-5943
    Facsimile:  (973) 503-5950
    Email:  paulrosenthal@kelleydrye.com

    *Attorneys for Defendant*
    *Health IQ Insurance Services, Inc.*

</div>

## **CERTIFICATE OF SERVICE**

I, Jonathan A. Cass, hereby certify that on this 1st day of December, 2021, a true and correct

copy of the foregoing Notice of Removal was served via email upon the following:

Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002

Christopher E. Roberts, Esq.
Butsch Roberts & Associates, LLC
231 S. Bemiston Ave., Ste. 260
Clayton, MO  63105
*Attorneys for Plaintiffs*

_____
JONATHAN A. CASS

5

# EXHIBIT A

Received County of Berks Prothonotary's Office on 10/20/2021 4:34 PM Prothonotary Docket No. 21-14982

## IN THE PENNSYLVANIA COURT OF COMMON PLEAS
## BERKS COUNTY

| | |
|---|---|
| **RYAN DOBBS,** *individually, and on behalf of all others similarly situated,*<br>224 Shaner St.<br>Boyertown, PA 19512,<br><br>   Plaintiff,<br><br>vs.<br><br>**HEALTH IQ INSURANCE SERVICES, INC.,**<br>2513 Charleston Road, #102<br>Mountview, CA 94043,<br><br>   Defendant. | Case No. 21-14982 |

### <u>NOTICE TO DEFEND</u>

   You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

   YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

   IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

<div align="center">

BERKS COUNTY BAR ASSOCIATION
544 COURT ST.
READING, PENNSYLVANIA 19601
TELEPHONE:  (610) 375-4591

</div>

               */s/ Jacob U. Ginsburg*
               JACOB U. GINSBURG, ESQ.

Received County of Berks Prothonotary's Office on 10/15/2021 5:11 PM Prothonotary Docket No. 21-14982

## IN THE PENNSYLVANIA COURT OF COMMON PLEAS
## BERKS COUNTY

**RYAN DOBBS,** *individually, and on behalf of all others similarly situated,*
224 Shaner St.
Boyertown, PA 19512,

      Plaintiff,

vs.

**HEALTH IQ INSURANCE SERVICES, INC.,**
2513 Charleston Road, #102
Mountview, CA 94043,

      Defendant.

**CLASS ACTION COMPLAINT**
**--and--**
**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Ryan Dobbs, on behalf of himself and all others similarly situated, and demanding a trial by jury, submits his Class Action Complaint against Defendant Health IQ Insurance Services, Inc., and states:

## NATURE OF THE CASE

1. Plaintiff Ryan Dobbs ("Plaintiff" or "Dobbs") brings this case to protect the privacy rights of himself and a class of similarly situated people who were called on their phones by Defendant Health IQ Insurance Services, Inc. ("Defendant" or "Health IQ"). Health IQ called Dobbs and the putative class members after they had registered their phone numbers on the National Do Not Call Registry.

2. In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing

Received County of Berks Prothonotary's Office on 10/15/2021 5:11 PM Prothonotary Docket No. 21-14982

calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3.     The TCPA affords special protections for people who registered their phone numbers on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call on their phone after being registered on the National Do Not Call Registry is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

4.     From January 2021 until September 2021, approximately 38.7 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited October 6, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

### THE PARTIES

5.     Dobbs is an individual who resides in Boyertown, Berks County, Pennsylvania and is otherwise a citizen of the Commonwealth of Pennsylvania.

6.     Dobbs brings this action on behalf of himself and all others similarly situated.

7.     Health IQ is a Delaware corporation that is headquartered in the State of California. Health IQ has been in good standing to transact business at all times relevant to this Complaint.

8.      Health IQ transacts business in the State of California, the Commonwealth of Pennsylvania and throughout the United States.

## JURISDICTION AND VENUE

9.      This Court has personal jurisdiction over Health IQ because Health IQ purposefully directed its marketing efforts to the Commonwealth of Pennsylvania, Health IQ solicits business in the Commonwealth of Pennsylvania.

10.      Health IQ conducts business in the Commonwealth of Pennsylvania.

11.      Health IQ otherwise has sufficient minimum contacts with the Commonwealth of Pennsylvania, and such contacts are continuous and systematic.

12.      Health IQ purposefully and knowingly availed itself to the Commonwealth of Pennsylvania by making phone calls and sending text messages to Plaintiff's "484" area code, which is associated with suburban Philadelphia and Berks County.

13.      Many of the acts and omissions occurred in Berks County where Plaintiff resides and works.

14.      Accordingly, personal jurisdiction exists and this venue is proper.

## FACTUAL BACKGROUND

### Health IQ

15.      Health IQ is a national corporation in the business of selling insurance plans and services.

16.      These plans and services include, but are not limited to, life insurance and automobile insurance policies.

Received County of Berks Prothonotary's Office on 10/15/2021 5:11 PM Prothonotary Docket No. 21-14982

Received County of Berks Prothonotary's Office on 10/15/2021 5:11 PM Prothonotary Docket No. 21-14982

17.     Health IQ's website states that Health IQ can shop top national carriers and provide people the "lowest price" on automobile insurance.

## Allegations As They Relate to Dobbs

18.     At all times relevant hereto, Dobbs was the owner of a cell phone, the number for which was 484-XXX-5130.

19.     Dobbs primarily used that cell phone for residential purposes.

20.     To avoid receiving unwanted telemarketing calls, Dobbs registered his phone number on the National Do Not Call Registry on or about December 29, 2010.

21.     Dobbs did not provide his phone number or otherwise consent to be called by Health IQ.

22.     Dobbs has no prior business relationship with Health IQ.

23.     Dobbs never inquired of Health IQ about any of Health IQ's products or services before or at the time he received the calls at issue.

24.     Dobbs received at least six calls (four phone calls and two text messages)[1] on his cell phone from Health IQ.

25.     On or about June 18, 2021, Dobbs received a call on his phone from a Health IQ representative. The phone number that appeared on Dobbs's phone was 1-800-410-8237.

26.     On information and belief, phone number 1-800-410-8237, is a phone number used by Health IQ to conduct business. Upon dialing this number, a recording states, "Thank you for calling Health IQ.  The only company rewarding the health conscious with savings up to 33% on

---

[1] In the context of the TCPA, a "call" can refer to either a phone call or a text message.  *See* Facebook, Inc. v. Duguid, 141 S. Ct. 1163, 1168 n.2 (2021 ("Neither party disputes that the TCPA's prohibition also extends to sending unsolicited text messages.")

Received County of Berks Prothonotary's Office on 10/15/2021 5:11 PM Prothonotary Docket No. 21-14982

Medicare supplement insurance and life insurance."

27.     The Health IQ representative attempted to sell Dobbs life insurance. Dobbs eventually terminated the call by telling the representative that he was not interested in life insurance and that his number was registered on the National Do Not Call Registry.

28.     On June 18, 2021, Dobbs received a second call from Health IQ.  The phone number that appeared on Dobbs's phone was 1-855-951-3708.

29.     On information and belief, phone number 1-855-951-3708, is a phone number used by Health IQ to conduct business. Upon dialing this number, a recording states, "Thank you for calling Health IQ.  The only company rewarding the health conscious with savings up to 33% on Medicare supplement insurance and life insurance."

30.     On or about July 6, 2021, Dobbs received a text message on his cell phone from Health IQ. The text message stated:

> Explore Auto Insurance plans with the best coverage options to fit your life and budget. Get a personalized quote in minutes. Call Health IQ: 855-870-5265.

31.     On information and belief, phone number 1-855-870-5265, is a phone number used by Health IQ to conduct business. Upon dialing this number, a recording states, "Thank you for calling Health IQ.  The only company rewarding the health conscious with our sharp senior discount for car insurance."

32.     On or about July 8, 2021, Dobbs received a text message on his cell phone from Health IQ. The text message stated:

> Switch your Car Insurance plan to one that rewards SharpSeniors. Prequalify for exclusive rates on the phone today. Call Health IQ: 855-881-8065.

33.     On information and belief, phone number 1-855-881-8065, is a phone number used

Received County of Berks Prothonotary's Office on 10/15/2021 5:11 PM Prothonotary Docket No. 21-14982

by Health IQ to conduct business. Upon dialing that number, a recording states "thank you for calling Health IQ. The only company rewarding the health conscious with our sharp senior discount for car insurance."

34.     Both text messages purported to be sent from phone number 941-740-6510. On information and belief, phone number 941-740-6510, is a phone number used by Health IQ to conduct business. Upon dialing this number, a recording states, "Thank you for calling Health IQ. The only company rewarding the health conscious with savings up to 33% on Medicare supplement insurance and life insurance."

35.     On October 6, 2021, Dobbs received a call on his phone from Health IQ. The phone number that appeared on Dobbs's phone was 1-855-289-2172.

36.     On information and belief, phone number 1-855-289-2172, is a phone number used by Health IQ to conduct business. Upon dialing this number, a recording states, "Thank you for calling Health IQ. The only company rewarding the health conscious with savings up to 33% on Medicare supplement insurance and life insurance."

37.     On October 8, 2021, Dobbs received a call on his phone from Health IQ. The phone number that appeared on Dobbs's phone was 1-855-762-0913.

38.     On information and belief, phone number 1-855-762-0913, is a phone number used by Health IQ to conduct business. Upon dialing this number, a recording states, "Thank you for calling Health IQ. The only company rewarding the health conscious with savings up to 33% on Medicare supplement insurance and life insurance."

39.     As of the date of this filing, Dobbs continues to receive solicitation calls from Health IQ.

40.     Health IQ's conduct violated the privacy rights of Dobbs and the putative class

Received County of Berks Prothonotary's Office on 10/15/2021 5:11 PM Prothonotary Docket No. 21-14982

members, as they were subjected to annoying and harassing calls. Health IQ's calls intruded upon the rights of Dobbs and the putative class members to be free from invasion of their interest in seclusion.

41.     Health IQ's conduct caused Dobbs and the putative class members to waste time addressing and/or otherwise responding to the unwanted calls.

42.     On information and belief, Health IQ placed calls to Dobbs and the putative class members for the

### Class Allegations

43.     Pursuant to Pennsylvania Rules of Civil Procedure 1708 and 1710, Dobbs brings this lawsuit as a class action on behalf of himself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

44.     Dobbs seeks to represent the following class:

> For the period from four years prior to the filing of this suit until the date a class is certified, all persons in the United States who: (1) received more than one telephone call from Health IQ or someone acting on its behalf during a 12-month period; and, (2) were registered on the Do Not Call Registry for more than 31 days at the time the calls were received.

45.     Dobbs reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

46.     The members of the proposed classes are so numerous that joinder of all members is impracticable. Dobbs reasonably believes that hundreds or thousands of people have been harmed by Health IQ's actions. The names and phone numbers of the members of the proposed class are readily identifiable through records available to Health IQ or those acting on its behalf.

47.     Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

Received County of Berks Prothonotary's Office on 10/15/2021 5:11 PM Prothonotary Docket No. 21-14982

48.     On information and belief, Health IQ has called and continues to call people who are registered on the National Do Not Call Registry. It is reasonable to expect that Health IQ will continue to make such calls absent this lawsuit.

49.     Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

a.   Whether Health IQ placed calls to Dobbs and the putative class members after they were registered on the National Do Not Call Registry more than 31 days;

b.   Whether Health IQ's conduct violates 47 U.S.C. § 227(c);

c.   Whether Health IQ's conduct violates the rules and regulations implementing the TCPA; and,

d.   Whether Dobbs and the putative class members are entitled to increased damages for each violation based on the willfulness of Health IQ's conduct.

50.     Dobbs' claims are typical of the claims of the proposed class members because his claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

51.      Dobbs and his counsel will fairly and adequately protect the interests of the members of the proposed class. Dobbs's interests do not conflict with the interests of the proposed class he seeks to represent. Dobbs has retained lawyers who are competent and experienced in class action, TCPA litigation and consumer law.

52.     Dobbs's counsel will vigorously litigate this case as a class action, and Dobbs and his counsel are aware of their responsibilities to the putative members of the class and will discharge those duties.

Received County of Berks Prothonotary's Office on 10/15/2021 5:11 PM Prothonotary Docket No. 21-14982

53.     A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

54.     In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

55.     Questions of law and fact, particularly the propriety of calling phone numbers registered on the National Do Not Call Registry, predominate over questions affecting only individual members.

56.     Health IQ has acted or refused to act on grounds that apply generally to the class, making final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

### Count I - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

57.     Dobbs incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

58.     The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C.

Received County of Berks Prothonotary's Office on 10/15/2021 5:11 PM Prothonotary Docket No. 21-14982

§ 227(a)(4).

59.     The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one call on their phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

60.     The penalty for each call placed in violation of the TCPA's restrictions on calling cell phone numbers registered on the National Do Not Call Registry is $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

61.     In addition, the TCPA allows the Court to enjoin Health IQ's violations of the TCPA's regulations prohibiting calls to cell phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

62.     By making calls to the phones of Dobbs and the putative class members after their numbers were registered on the National Do Not Call Registry, Health IQ violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

63.     Health IQ knew or should have known that Dobbs and the putative class members had their numbers registered on the National Do Not Call Registry.

64.     Dobbs and the putative class members are entitled to damages of $500.00 per violation for each call made by Health IQ and up to $1,500.00 per violation if the Court finds that Health IQ willfully violated the TCPA.

### Demand for Judgment

WHEREFORE Plaintiff Ryan Dobbs, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a.  Enter an order against Defendant Health IQ Insurance Services, Inc. pursuant to

Received County of Berks Prothonotary's Office on 10/15/2021 5:11 PM Prothonotary Docket No. 21-14982

Pursuant to Pennsylvania Rules of Civil Procedure 1708 and 1710, certifying this action as a class action and appointing Dobbs as the class representative;

b.  Enter an order appointing Kimmel & Silverman, P.C. and Butsch Roberts & Associates LLC as counsel for the class;

c.  Enter judgment in favor of Dobbs and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if Health IQ willfully violated the TCPA;

d.  Enter a judgment in favor of Dobbs and the putative class that enjoins Health IQ from violating the TCPA's regulations prohibiting Health IQ from calling numbers registered on the National Do Not Call Registry;

e.  Award Dobbs and the class all expenses of this action, and requiring Health IQ to pay the costs and expenses of class notice and administration; and,

f.  Award Dobbs and the class such further and other relief the Court deems just and appropriate.

[THIS PORTION OF THE PAGE WAS INTENTIONALLY LEFT BLANK]

## <u>JURY DEMAND</u>

Plaintiff Ryan Dobbs demands that this case be tried before a Jury.


Dated:  October 14, 2021

By: */s/  Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq. (PA ID No. 311908)
Craig T. Kimmel, Esq. (PA ID No. 57100)
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Telephone: 215-540-8888
jginsburg@creditlaw.com
kimmel@creditlaw.com
Email: teamkimmel@creditlaw.com

**Butsch Roberts & Associates LLC**
**David T. Butsch (*pro hac* forthcoming)**
**Christopher E. Roberts (*pro hac* forthcoming)**
**231 S. Bemiston Avenue, Suite 260**
**Clayton, Missouri 63105**
**Phone: 314-863-5700**
**Fax: 314-863-5711**
**dbutsch@butschroberts.com**
**croberts@butschroberts.com**

*Attorneys for Plaintiff Ryan Dobbs*

Received County of Berks Prothonotary's Office on 10/15/2021 5:11 PM Prothonotary Docket No. 21-14982

Received County of Berks Prothonotary's Office on 10/20/2021 4:34 PM Prothonotary Docket No. 21-14982

**IN THE PENNSYLVANIA COURT OF COMMON PLEAS**
**BERKS COUNTY**

---

**RYAN DOBBS,** *individually, and on behalf*
*of all others similarly situated,*
224 Shaner St.
Boyertown, PA 19512,

      Plaintiff,

vs.

**HEALTH IQ INSURANCE SERVICES,**
**INC.,**
2513 Charleston Road, #102
Mountview, CA 94043,

      Defendant.

---

## VERIFICATION

I, Ryan Dobbs, hereby verify that the facts set forth in the foregoing class-action Complaint

are true and correct to the best of my knowledge, information and belief, subject to penalty of law

in the Commonwealth of Pennsylvania for making a false sworn statement.

SO VERIFIED:

_____

RYAN DOBBS

Dated: 10/15/21